FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAGNEY BARGER,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | NO: 2:18-CV-47-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss, ECF No. 9. The Court has reviewed the pleadings, has considered the record, and is fully informed.

**BACKGROUND**

Plaintiff Kagney Barger filed this suit against Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2675(a), seeking damages for personal injuries allegedly resulting from an automobile collision involving a Federal Bureau of Investigation agent. *See* ECF No. 1. Ms. Barger issued a summons and filed proof of service upon the Attorney General's Office in

Washington, DC, but not on the U.S. Attorney's office in the Eastern District of Washington. *See* ECF Nos. 2 and 3.

On May 11, 2018, the Court held a telephonic scheduling conference. ECF No. 7. At the scheduling conference, the Court directed Plaintiff to file proof of service upon the United States Attorney for this district. *See id.* Plaintiff's counsel stated that he would be able to do so within a week of the hearing. Plaintiff did not file proof of service within a week. On May 22, 2018, Defendant moved to dismiss with prejudice based on Plaintiff's failure to serve Defendant timely and properly. ECF No. 9. On May 29, 2018, Plaintiff filed proof of service upon the United States Attorney for the Eastern District of Washington. ECF Nos. 12 and 13.

## DISCUSSION

Defendant brings its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5). *See* ECF No. 9 at 2. Rule 12(b)(5) provides that a party may assert insufficient service of process as a defense by motion. *See* Fed. R. Civ. P. 12(b)(5). Defendant argues that Plaintiff failed timely and properly to serve the United States Attorney for the Eastern District of Washington in accordance with the Federal Rules of Civil Procedure. *See* ECF No. 9.

Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days in which to effect proper service upon a defendant. Rule 4(i) requires that a party suing the United States must deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought, in addition to

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

serving a copy on the Attorney General in Washington, DC. Fed. R. Civ. P. 4(i). A federal court cannot exercise jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988).

If a plaintiff fails to serve a defendant within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, "must dismiss the action without prejudice against that defendant or order service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Additionally, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Works Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

Here, Plaintiff filed her complaint against the United States on February 7, 2018. *See* ECF No. 1. The 90-day time-limit for service provided for in Rule 4(m) expired on May 8, 2018. The parties do not dispute that Plaintiff properly filed proof of service upon the Attorney General in Washington, DC, within Rule 4(m)'s 90-day time-limit. *See* ECF No. 3. However, Plaintiff did not file proof of service upon the United States Attorney for the Eastern District of Washington, where Plaintiff brought this action, as required by Rule 4(m), before May 8, 2018.
ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

At the scheduling conference in this matter, held on May 11, 2018, Defendant observed that Plaintiff had not complied with the Rule 4(m) requirements for proper service, and the Court directed Plaintiff to file proof of service upon the United States Attorney for the Eastern District of Washington. *See* ECF No. 7. Plaintiff's counsel stated that he would be able to do so within a week of the hearing. However, Plaintiff did not file proof of service within a week. On May 29, 2018, after Defendant filed the present motion, Plaintiff filed proof of service upon the United States Attorney for the Eastern District of Washington. ECF Nos. 12 and 13.

Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(5) contesting the timeliness of Plaintiff's service of process. ECF No. 9. Defendant argues that the Court should dismiss with prejudice Plaintiff's case because Plaintiff failed to timely file proof of proper service in accordance with Rule 4(m). ECF No. 9.

The Court agrees that Plaintiff did not comply with the 90-day time-limit provided for in Rule 4(m). However, the Court notes that the Assistant U.S. Attorney for the Eastern District of Washington assigned to this case on behalf of Defendant acknowledged that he had notice of the lawsuit and the fact that the Plaintiff served the Attorney General's office in Washington, DC, within Rule 4(m)'s 90-day time-limit. ECF No 9-2. The Court also finds that Plaintiff has shown good cause for failing timely to file proof of service. *See* ECF No. 15. Any

prejudice caused by Plaintiff's failure to follow Rule 4(m) resulted in wasted work by the U.S. Attorney's office and this Court.

Therefore, pursuant to Rules 4 and 12, the Court finds that dismissal with prejudice for failure to effect proper service is not appropriate in this case. *See* Fed. R. Civ. P. 4; Fed. R. Civ. P. 12(b)(5); *see also Jimenez v. City of San Bernadino*, No. 98-55865, 1999 U.S. App. LEXIS 7414, at *4 (9th Cir. Apr. 14, 1999) (vacating the dismissal of claims pursuant to Rule 12(b)(5) with prejudice and remanding with instructions to dismiss the claims without prejudice). The Court denies Defendant's Motion to Dismiss.

However, the Court is dismayed that counsel for Plaintiff has failed to read and follow the Federal Rules of Civil Procedure and this Court's local rules. Plaintiff's counsel is cautioned that any future filings must comport with all rules, without Plaintiff's counsel being prompted by defense counsel. The Court will not tolerate further untimely filings without good cause, and the Court will be stringent in its future assessment of what constitutes good cause. Plaintiff's counsel is responsible for case-management and should not rely on filings from Defendant to prompt counsel's actions.

/ / /

/ / /

/ / /

/ / /

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, **ECF No. 9**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 27, 2018.

>             *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge